REBECCA SCATTERGOOD

*v.*

EDITH A. KEELEY et al.

To a foreclosure-bill filed by a second mortgagee, the first mortagee was made a party, and entered an appearance. Thereupon, the second mortgagee. amended her bill, attacking the priority of the first mortgage on the ground of fraud. The first mortgagee answered, a replication was filed and consider-

Scattergood *v.* Keeley.

able testimony taken. The first mortgagee's priority was sustained.—*Held,* that the first mortgagee, who had prevailed, could not be charged with the costs of the litigation incident to his alleged fraud; but that such costs down to the final decree, must be borne by the proceeds of sale. If those proceeds were not sufficient to pay all, then the execution fees should be first paid; then the first mortgagee's claim and all his taxed costs, and finally the second mortgagee's claim and her costs.

---

On bill to foreclose. Application for allowance of costs to complainant.

*Mr. C. G. Garrison,* for complainant.

*Mr. M. R. Sooy,* for defendant Voorhees.

BIRD, V. C.

In this case, the complainant, a second mortgagee, filed her bill to foreclose, and made F. V., the first mortgagee, a party defendant. He came in by filing an appearance to the suit, thereby consenting to become a party to the proceedings.

But after this the complainant amended her bill, and attacked the position claimed by F. V., alleging that he had been guilty of fraud as to her in procuring a first mortgage, and praying that she might stand first. This amended bill F. V. answered. A replication was filed, and a large amount of testimony taken.

The court has allowed F. V. to hold the place which he claims.

And now the parties dispute as to costs. I believe the undisputed rule is that when a second mortgagee files a bill to foreclose and makes the first mortgagee a party, and the first mortgagee comes in and accepts the benefit of the proceedings, all the ordinary costs of the proceedings must first be borne by the fund.

Therefore, in this case, if there had been no litigation on the question of priority, all the costs incident to making the money would first be charged to the fund raised by the sale; and this is so because Mr. V. chose to come in and avail himself of the proceedings instituted and carried on by the second mortgagee.

Scattergood *v.* Keeley.

But there have been costs besides the ordinary costs in cases of foreclosure; the costs incident to the alleged fraudulent conduct of the first mortgagee. Who should pay these? Not Mr. V., who prevailed. He is not at fault.

I think all the costs incident to proceedings to final decree and sale, should be charged to the proceeds of sale; but no part of the costs incident to the alleged fraud, beginning with the substitution of Mr. Wescott for Mr. Cooper, including the petition to amend the bill, the amended bill, master's fees, witness fees, argument fees, and the like to the final decree (but not the final decree), should be included. I think this view is in accordance with the spirit of all the authorities, when the fund produced will pay all. *Berlin Build. & L. Assn.* v. *Clifford, 3 Stew. Eq. 482; Dan. Ch. Prac. & Pl. 1390.*

But, in case of such litigation, and in case the proceeds of sale will not pay all, then what should equity do? I think, in such case, it is the duty of the court to protect the successful party as far as possible. In such case, the execution fees should be first paid; the prior mortgagee's claim and all his taxed costs should be secondly paid; and the complainant's costs and his mortgage debt should be thirdly paid. In case of a deficiency of assets, it is plainly the duty of the court to protect the prior mortgagee when his conduct has been fair and reasonable. In such case, if there be not money enough to pay all the costs, the innocent prior mortgagee ought not to be the first to lose by paying the deficiency.

It seems to be my duty to advise an order in accordance with these views.